IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIET R. COTTON, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:08-CV-171-Y |
| | § | |
| W. ELAINE CHAPMAN, Warden, | § | |
| Federal Medical Center-Fort Worth, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a purported petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Juliet R. Cotton, Reg. No.53034-019, is a federal prisoner incarcerated in the Federal Medical Center in Fort Worth, Texas.

Respondent W. Elaine Chapman is Warden of the Federal Medical Center-Fort Worth. No service has been issued upon Respondent.

## C. Procedural History

Cotton is serving a total sentence of 180 months' confinement on her convictions for bank fraud and other related federal offenses in the United Stats District Court for the Northern District of Georgia, Atlanta Division. *See* CM/ECF, Criminal Docket for Case # 1:01-CR-760, docket entry for October 25, 2002. Cotton appealed the trial court's judgment and sought other post-conviction relief, including at least two § 2255 motions in the convicting court, to no avail. *Id.*, entries for November 5, 2002, October 27, 2003, October 10, 28, 2003, October 31, 2005, November 10, 2005, January 31, 2006, May 7, 2007, May 15, 2007, October 17, 2007. Cotton filed this petition on March 11, 2008.

## D. Discussion

In this action, Cotton raises the following claims: (1) her Sixth Amendment right to represent herself at trial was violated; (2) she is actually innocent; (3) the government engaged in prosecutorial misconduct, and (3) she received ineffective assistance of trial and appellate counsel.

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cotton v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his/her claim is based on a retroactively applicable Supreme Court

decision which establishes that he/she may have been convicted of a nonexistent offense, and (2) his/her claim was foreclosed by circuit law at the time when the claim should have been raised in his/her trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Cotton asserts, verbatim, "I have no other remedy at law, and my 28 U.S.C. §2255, and my Motion for New Trial on Newly discovered Evidence had to go back to the same trial Judge who participated with the Prosecutor and my counsel to convict Cotton and to protect the criminal actions of the employees of the SouthTrust Bank now known as Wachovia Bank, and to grant me post-conviction relief by Vacating my Conviction and Sentence will make the government be accountable for knowingly indicting and imprisoning Cotton falsely just to protect how the government changed the trial transcripts, and lied in order that the record shows no place in Transcript 17-29 of Cottons' invoke to represent myself."

The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. *Jeffers*, 253 F.3d at 830. Precedent regarding § 2255's savings clause makes clear that § 2241 is not a mere substitute for § 2255 and may not be used merely to avoid the restriction on filing second or successive motions to vacate. *Reyes-Requena*, 243 F.3d at 901; *Pack*, 218 F.3d at 453. Utilization of § 2241 instead of § 2255 is limited to very specific situations. A prior unsuccessful § 2255, or the inability to meet the requirements for filing successive § 2255 motion, does not make the § 2255 remedy inadequate or ineffective. *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Cotton has neither alleged nor demonstrated that her claims are based on a retroactively applicable Supreme Court decision which establishes that she may have been convicted of a nonexistent offense or that her claims were

3

foreclosed by circuit law at the time when the claims should have been raised in her trial, appeal, or postconviction motions. Thus, she is not entitled to use the savings clause of § 2255 to challenge her underlying convictions by petitioning under § 2241. Cotton has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

It is recommended that Cotton's petition for writ of habeas corpus under § 2241 be DISMISSED for want of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 7, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 7, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 17, 2008.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE